Reese, J.
delivered the opinion of the court.
Harrington, as the creditor of Wood, filed a bill to recover the amount of a note due from Winston to Wood. William K. Hill filed an attachment bill for the same purpose; and it being known to G. J. Pillow, who had the collection of said note, that Aldridge also claimed the proceeds of said note by assignment, he filed a bill of interpleader, making Aldridge a party defendant, who answered, exhibiting his deed of assignment. But the rights of the parties were never adjudged or decreed upon; for Harrington died, and having no administrator in time, his bill abated. Hill’s bill being an attachment bill, and the affidavit defective, was dismissed on technical grounds, *288 and Aldridge produced no further proof to show his title to the proceeds of the note, than the mere deed of assignment exhibited with his answer. Under these circumstances, Pillow having paid the funds into court, the Chancellor ordered that they remain for the present with the Clerk and Master. Al-dridge has appealed.
We affirm the decree ofthe Chancellor, because it was not made to appear to the Chancellor, that Aldridge had the better right, and the court should not actively interfere to dispose of the fund, except in favor of one who appears, either from proof taken or from a pro confesso judgment - suffered, to be best entitled. The latter was the case in Richards and Slater, 6 J. C. R. 444, One defendant averred and proved his title; the other defendants 'permitted the bill and the answer of the co-defendant to be taken pro confesso. Upon this state of the facts on the record, a final and conclusive decree as the matter in dispute will be rendered. But far otherwise here. The rights of the parties to the fund, could not be conclusively determined in these cases.
Let Aldridge’s .appeal be dismissed, and such decree as has been rendered be permitted to stand, and the case be remanded.